IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW PETTEYS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 20-239-E ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 7th day of January 2022, the Court has considered the parties' motions for summary judgment and will grant Defendant's motion. The decision, wherein the Administrative Law Judge (ALJ) denied Plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, [1] is supported by substantial evidence. Thus, the Court will affirm it. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record . . . contains 'sufficien[t] evidence' to support the agency's factual determinations").[2]

---

[1] The ALJ's decision is the agency's final decision in this matter on account of the Appeals Council's denial of Plaintiff's request for review. 20 C.F.R. § 404.981.

[2] Plaintiff filed his application for benefits under Title II of the Act on October 3, 2016 and alleged disability onset as of May 3, 2016. Before the ALJ, Plaintiff testified that his physical limitations made return to the workforce impossible. However, the ALJ found Plaintiff could return to work as a "companion" and, accordingly, denied the application. Plaintiff argues that the ALJ's decision is undermined by two errors. First, he argues the ALJ's assessment of his residual functional capacity (RFC) is inconsistent with the evidence of record, particularly, his primary care physician's medical opinions. Second, he argues the ALJ failed to assess whether his past work as a companion to his son had been not only gainful, but also substantial in nature. As explained herein, the Court is unpersuaded of either error, finds the ALJ's decision is supported by substantial evidence, and will affirm.

Plaintiff's first argument is that the ALJ's estimation of his abilities as reflected in her RFC finding is inflated and inconsistent with the evidence of record. ALJs are responsible to make a finding as to claimants' RFC. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). The RFC determination comes into play at the fourth step of the five-step sequential evaluation ALJs employ to assess disability under the Act. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019). The five-steps proceed thus: (1) the ALJ determines "whether the claimant is currently engaged in substantial gainful activity [(SGA)]." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 10 (3d Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). If not, then, (2) the ALJ determines "whether the claimant has a severe medically determinable impairment." *Id.* If the claimant has at least one such impairment, the inquiry proceeds and, (3) the ALJ compares the claimant's impairment(s) to the "listings in 20 C.F.R. pt. 404 subpt. P, app. 1." *Id.* If there is no match, the ALJ moves to step (4) where he or she assesses the claimant's RFC and asks whether it "permits him to perform his past work." *Id.* Lastly, if the claimant cannot return to past work, the ALJ considers at step (5) "whether the claimant's RFC, age, education, and work experience permit him to perform any other work that exists in the national economy in substantial numbers." *Id.*

As an ALJ proceeds through the five steps of the evaluation, it is imperative that he or she "hear[s] and evaluate[s] all relevant evidence." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). That includes "every medical opinion" in the record. 20 C.F.R. § 404.1527(c). A treating physician's medical opinion is often considered especially valuable because a medical professional with an ongoing relationship to the claimant is thought to "provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)." *Id.* § 404.1527(c)(2). Accordingly, for claims filed prior to March 27, 2017, a treating physician's opinion may be afforded "controlling weight." *Id.* Such significant weight is appropriate when the "treating source's medical opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* If an ALJ determines it is not appropriate to afford a treating physician's opinion controlling weight, the regulations direct the ALJ to consider several factors—*e.g.*, how long the physician has treated the claimant—and articulate which weight *is* appropriate. *Id.* §§ 404.1527(c)(2)(i)—(ii).

Ultimately, the ALJ's RFC determination is subject to the deferential substantial evidence standard. That is, the ALJ's RFC finding need only be supported by such evidence as "a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citation omitted). It matters not whether the Court would have arrived at the same decision based on its own review of the evidence—if the decision is supported by such evidence as the standard requires, this Court "will not set [it] aside." *Id.* Therefore, as the Court assesses Plaintiff's complaint that the ALJ erred in her consideration of the evidence and articulated an RFC that is not supported by substantial evidence, its inquiry is limited. The Court seeks to ensure that the ALJ's decision is supported by more than a "scintilla" of evidence, the ALJ did not overlook any evidence, and the ALJ did not reject evidence without reason/for an incorrect reason. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.").

---

In this matter, the ALJ decided the inquiries at steps one and two in Plaintiff's favor, but further determined Plaintiff did not suffer from a listed impairment or its equivalent at step three. Accordingly, the ALJ moved on to step four and sought to assess Plaintiff's RFC. To that end, she considered Plaintiff's allegations, daily activities, medical records, and the opinion evidence in the record. (R. 19—23). Her review of the evidence led the ALJ to find that Plaintiff could "perform light work . . . except he can only occasionally climb stairs, ramps, stoop, kneel, crouch and crawl; he cannot climb ladders, ropes or scaffolds." (R. 19). A light-work RFC includes a maximum lifting ability of twenty pounds, but the ability to frequently lift or carry up to ten pounds. 20 C.F.R. § 404.1567(b). It may also include "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

The evidence that went into the ALJ's RFC determination included the opinions provided by Plaintiff's treating primary care physician, Dr. Jason Tronetti. (R. 22—23). Dr. Tronetti, who had treated plaintiff since 2009, indicated in his January 26, 2017 statement that Plaintiff's impairments limited him as follows: he would be "off task" 25% of the workday; he would average four absences/month; Plaintiff's lifting would be limited to just ten pounds occasionally; he could sit just four hours/day, stand three hours/day, and walk one hour/day and, further, he would require an at-will sit/stand option; he could only occasionally push/pull bilaterally; and he was limited in his performance of various postural activities. (R. 526—28). The ALJ did not overlook Dr. Tronetti's opinions in this regard, however, she afforded them only "little weight." (R. 22). She explained that Dr. Tronetti's opined limitations were "inconsistent with the claimant's own report of daily activities," such as having a goal of taking 10,000 steps daily, grocery shopping, running errands, and hunting. (R. 22). She further explained that while Dr. Tronetti indicated Plaintiff's limitations dated back to 2009, the record indicated he had performed SGA until 2016. (R. 23).

The Court finds no error in the ALJ's decision to give Dr. Tronetti's opinions only little weight based on their inconsistency with the record. The ALJ considered them as she was required to do and articulated a not incorrect reason for affording them little weight. She also cited ample evidence in support of the limitations she did include in the RFC. (R. 19—22). Despite Plaintiff's suggestion to the contrary, the ALJ did not need another medical opinion to reject Dr. Tronetti's opinions and make findings for the RFC. As the Court explained in *Cummings v. Colvin*, there is no requirement that ALJs must rely on a medical doctor's opinion for the limitations they include in or exclude from an RFC. 129 F. Supp. 3d 209, 215 (W.D. Pa. 2015) (citing *Doty v. Colvin*, No. CIV.A. 13-80-J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014)) (explaining that ALJs may make an RFC assessment "even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary"). Accordingly, the Court finds the ALJ's RFC determination is supported by substantial evidence.

Plaintiff's second argument is that the ALJ made another error at step four when she determined Plaintiff could return to past relevant work as his son's companion. As explained above, at step four ALJs use a claimant's RFC to determine whether the claimant can return to past relevant work and is therefore not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). "Past relevant work" is defined as "work that [the claimant] ha[s] done within the past 15 years, that was

substantial gainful activity, and that lasted long enough for [him/her] to learn to do it." *Id.* § 404.1560(b)(1). Substantial gainful activity is defined as activity that is "both substantial and gainful." *Id.* § 404.1572. Work is substantial if it "involves doing significant physical or mental activities." *Id.* § 404.1572(a). And it is gainful if done "for pay or profit." *Id.* § 404.1572(b). Paid work, *i.e.*, gainful activity, gives rise to a presumption that a claimant's work was also substantial. *Id.* § 404.1574(a)(1) ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity.").

Plaintiff argues the ALJ performed only half of the substantial-gainful-activity analysis, that is, concluded his work as his son's companion qualified as past relevant work based on his earnings without investigating whether it was substantial work. He argues the Court corrected a similar error in *Berry v. Sullivan*, 738 F. Supp. 942, 943 (W.D. Pa. 1990). In *Berry*, the Court considered the ALJ's decision that, while the claimant was a foster parent, she was performing substantial gainful activity. *Id.* at 944. The ALJ found that the claimant's foster-parent earnings rose to a level that "create[d] a presumption that she engaged in substantial gainful activity." *Id.* at 945. However, the ALJ evidently stopped there and, from the decision, it "appear[ed] that once [the ALJ] determined [the claimant] had met the income guidelines set forth in the regulations, the analysis ended." *Id.* Problematically, this turned the gainfulness presumption into an "irrebuttable" presumption. *Id.* Before the Court, the Secretary of Health and Human Services attempted to defend the decision, arguing the Dictionary of Occupational Titles (DOT) includes a "foster parent" job. *Id.* The Secretary also speculatively argued that, because one of the children had significant medical issues, the work would have inevitably been substantial. *Id.* However, the Court pointed out that without evidence in the record showing the claimant did substantial work as a foster parent, argument to the contrary was total conjecture. *Id.* Because the decision was premised on "inferences . . . based on the presumed nature of [the claimant's] work as a foster parent" instead of evidence in the record, the Court determined the Secretary had not carried his burden. *Id.* at 946.

*Berry* and the matter at hand are meaningfully distinct. Though the ALJ's substantial-gainful-activity analysis in the decision is brief, it is clear she arrived at that determination based on evidence in the record instead of speculation as to Plaintiff's duties as a companion. Plaintiff testified regarding the activities inherent in his work as a companion. (R. 37). Plaintiff explained that his son uses a wheelchair, and he assisted his son by riding along with him to complete errands. To that end, Plaintiff would run into the store to pick up staple grocery items and prescriptions. (R. 37). His work in that capacity spared his son the inconvenience of "unloading his wheelchair and going in." (R. 37). Based on that testimony, the ALJ asked the vocational expert ("VE") if Plaintiff's activities as his son's companion could be "classified." (R. 62). The VE responded that the work could be classified as "companion" work. (R. 63). He further explained that "companion," DOT 309.677-010, is a semi-skilled, light work job. (R. 63). The DOT job description confirms that a "companion" "[c]ares for . . . handicapped . . . persons" by attending to their "personal needs," "[t]ransacting social or business affairs," as well as "[r]eads aloud, plays cards, or other games" for entertainment, and accompanies the individual he/she is assisting on "trips and outings." DOT 309.677-010. The VE testified that Plaintiff's RFC was compatible with a return to such work. (R. 64—67).

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

/s Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

The ALJ's consideration of the actual activities Plaintiff performed in his capacity as his son's companion combined with the VE's testimony regarding the work distinguish this case from *Berry*. Therefore, in addition to being gainful work—Plaintiff's average compensation for this work was $1,060.30/month in 2013 and $1,079.08/month in 2014 (R. 184—85) which exceeded the gainfulness thresholds for those years—Plaintiff's work as his son's companion was substantial work according to substantial evidence in the record. Having resolved both of Plaintiff's challenges to the ALJ's findings in favor of the Commissioner of Social Security, the Court will affirm the agency's final decision.